18-3062-cv
*Niagara Blower Company v. Shopmen's Local Union 576*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
        *Circuit Judges*,
CHRISTINA REISS,
        *District Judge.**

---

NIAGARA BLOWER COMPANY,

                *Petitioner-Counter Defendant-Appellant,*          18-3062-cv

        v.

SHOPMEN'S LOCAL UNION 576 OF THE
INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL, AND REINFORCING
IRON WORKERS,

                *Respondent-Counter Claimant-Appellee.*

---

* Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PETITIONER-COUNTER DEFENDANT-APPELLANT:**    CHARLES RANDOLPH SULLIVAN, Hunton Andrews Kurth LLP, Richmond, VA and James J. Rooney, Bond, Schoeneck & King, PLLC, Buffalo, NY .

**FOR RESPONDENT-COUNTER CLAIMANT-APPELLEE:**    E. JOSEPH GIROUX, JR., Creighton, Johnsen & Giroux, Buffalo, NY.

Appeal from a September 17, 2018 judgment and related September 14, 2018 order of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 17, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Petitioner-Counter Defendant-Appellant Niagara Blower Company ("Niagara") appeals from an order of the District Court denying Niagara's petition to vacate an arbitration award ("the award"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Niagara argues on appeal that the District Court failed to correctly consider or address its argument that the award violated public policy, and therefore erred in finding that the award does not violate public policy. Niagara further contends that the District Court erroneously concluded that the arbitrator did not exceed his authority under the collective bargaining agreement (the "CBA") between Niagara and Respondent-Counter Claimant-Appellee Shopmen's Local Union 576 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers (the "Iron Workers").

In reviewing a district court's decision to confirm or vacate an arbitration award, we review questions of law *de novo* and findings of fact for clear error. *See Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). We also recognize "the strong deference appropriately due arbitral awards and the arbitral process," and accordingly use "an extremely deferential standard of review for arbitral awards." *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007).

Niagara claims that the award violates the "explicit, well-defined, and dominant public policy" of "preventing employees from performing safety-sensitive jobs while under the influence of

2

illegal drugs or alcohol." Appellant's Br. at 18 (emphasis omitted). As noted by the Iron Workers, the Supreme Court has upheld an arbitration award reinstating a truck driver who twice tested positive for drugs, stating that the relevant public policy must be "explicit, well defined, and dominant… [and] must be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *Eastern Associated Coal Corp. v. United Mine Workers of America, District 17*, 531 U.S. 57, 62 (2000) (citations and internal quotation marks omitted).

Far from "well defined" or "dominant," Niagara draws to our attention only one district court opinion in support of its assertion of a broad public policy consideration regarding workplace safety. Moreover, Niagara's argument here misses the mark. As established in *Eastern Associated Coal*, "the question to be answered is not whether [the employee's substance] use itself violates public policy but whether the agreement to reinstate him does so." *Id.* at 62-63. Moreover, the District Court expressly addressed Niagara's public policy argument in its opinion, discussing both the Court's decision in *Eastern Associated Coal* and this Circuit's own analogous precedent. *See* App'x 218-220; *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 718 (2d Cir. 1998) (upholding an arbitration award reinstating a nuclear power plant employee who had worked while impaired by drug use). To the extent Niagara contends that the public policy at issue here is in fact a company's ability to fire an employee for working under the influence of drugs or alcohol, its argument still does not address why reinstatement here necessarily violates public policy. Ultimately, this concern appears to circle back to the issue of workplace safety, regardless of how Niagara frames the matter. Indeed, Niagara concedes that it could not identify any case law addressing this particular public policy concern—far from meeting the "dominant" or "well defined" standard required by the Supreme Court. Accordingly, we do not read the District Court's opinion and order to have failed to consider or address Niagara's public policy argument, and we agree with the Iron Workers that the District Court correctly decided that the award did not violate public policy.

We also cannot conclude, based on the record before us, that the arbitrator exceeded his authority, as argued by Niagara. The issue for resolution as posed to the arbitrator read: "Was the discharge of John Beller for proper cause? If not, what shall the remedy be?" App'x 208. Longstanding Supreme Court jurisprudence accords substantial deference to the decision of the arbitrator, and "as long as the arbitrator is even arguably construing or applying the contract [*i.e.*, the CBA] and acting within the scope of his authority … [even] serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union AFL-CIO v. Misco Inc.*, 484 U.S. 29, 38 (1987); *see also id.* at 36 ("The courts are not authorized to reconsider the merits of an award even though the parties may allege the award rests on errors of fact or on misinterpretation of the contract.").

Niagara's argument that the arbitrator exceeded his authority does not satisfy this rigorous standard. *See Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist 1199*, 116 F.3d 41, 44 (2d Cir. 1997) ("When parties to an agreement bargain for an arbitrator's decision, that bargain may not be

3

upset by a court simply because it deems the decision incorrect. The court may not substitute its view for that of the arbitrator nor may it even review the award for clear error.") (citation omitted). Under the CBA's provisions, the arbitrator was requested to answer the questions posed by the parties, which the arbitrator did. The arbitrator did not exceed his authority in concluding in response to the issue presented that Niagara could not "discipline or discharge an employee without proper cause." App'x 212. Likewise, the arbitrator's decision to reinstate Beller as the appropriate remedy did not exceed the scope of his authority under any provision of the CBA. *See id.* As aptly stated by the District Court, "[t]he fact that Niagara may have been surprised by the arbitrator's decision does not make the decision beyond his authority—especially when his explicit authority was to answer the very questions he answered." App'x 213.

## CONCLUSION

We have reviewed all the arguments raised by Niagara on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 17, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4